UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ATIYA K. SAMPLE,<br>    Plaintiff, | :  3:01CV545 (WWE)<br>: |
| v. | : |
| WAL-MART STORES, INC., et al.,<br>    Defendants | :<br>: |

RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

This action arises from a complaint of employment discrimination by the plaintiff against defendant Wal-Mart. The complaint was originally filed in Connecticut Superior Court on February 28, 2001. Defendant Wal-Mart removed the case to this Court, and subsequently the Court granted Wal-Mart's motions for summary judgment and Rule 12b dismissal. The plaintiff appealed. The United States Court of Appeals for the Second Circuit affirmed this Court's rulings on August 18, 2004. Pending before the Court is Wal-Mart's motion for attorneys' fees and costs. For the reasons set forth below, Wal-Mart's motion will be denied.

DISCUSSION

Section 706(k) of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 provides that "in any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee

1

(including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000e-5(k).

"Although the text of the statute does not distinguish between prevailing plaintiffs and prevailing defendants, the Supreme Court has held that a defendant is not entitled to an award of fees on the same basis as a prevailing plaintiff." American Federation of State, County, and Municipal Employees, AFL-CIO v. County of Nassau, 96 F.3d 644, 650 (2d Cir. 1996)(quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 418-19 (1978)).  The Court in Christiansburg articulated two strong equitable reasons for permitting an award of fees to plaintiffs that are wholly absent when a defendant prevails: (1) the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority; and (2) when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. "Mindful of those distinctions, the Court held that a district court may in its discretion award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  American, 96 F.3d at 650.

The Christiansburg Court warned district courts to "resist the understandable temptation to engage in *post hoc* reasoning by

2

concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success ... Even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Christiansburg, 434 U.S. at 700-701.

The Christiansburg standard for fee awards to prevailing defendants has been extended to prevailing defendants in civil rights cases arising under 42 U.S.C. § 1983. Although § 1983 permits a court to award attorneys' fees to a prevailing defendant, public policy dictates that a court should be hesitant to make such an award because of the chilling effect it might have on § 1983 plaintiffs. A prevailing defendant in a § 1983 action may only be awarded attorneys' fees if the court finds that the plaintiff's claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so. Doehr v. DiGiovanni, 8 F.Supp.2d 172, 173-74 (D.Conn. 1998).

It is well settled law that the district court is afforded broad discretion in determining a reasonable fee award based on the circumstances of the case. In the case at bar, the Court will not rely on hindsight logic to discern that the plaintiff's

claim was frivolous, unreasonable or groundless. Furthermore, an award of attorneys' fees in this action might have a chilling effect on potential Title VII plaintiffs who seek to file meritorious employment discrimination claims.

CONCLUSION

The Court declines to award attorneys' fees and costs to the defendant. Wal-Mart has supplied no evidence demonstrating that plaintiff's Title VII claim was frivolous, unreasonable, or without foundation. Accordingly, the motion for attorneys' fees and costs (Doc. # 50) is DENIED.

SO ORDERED this 30th day of August, 2004, at Bridgeport, Connecticut.

———————————————
WARREN W. EGINTON, Senior U.S. District Judge